WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd St.
New York, New York 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000
Philip Mindlin
Emil A. Kleinhaus
Neil K. Chatani

Attorneys for David Jiménez Márquez
as Petitioner and Foreign Representative

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 15 |
| Codere Finance (UK) Limited, | Case No. 15-13017 |
| Debtor in a Foreign Proceeding. | |

**APPLICATION PURSUANT TO FEDERAL RULES OF BANKRUPTCY
PROCEDURE 2002 AND 9007 FOR ORDER SCHEDULING HEARING
AND SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE**

Petitioner David Jiménez Márquez (the "Petitioner"), duly appointed by an October 16, 2015 resolution of the board of directors of Codere Finance (UK) Limited (the "Debtor"), an English private limited company incorporated under the laws of England and Wales, and declared as authorized to act by an October 29, 2015 order of the Chancery Division (Companies Court) of the High Court of Justice of England and Wales (the "UK Court"), as the foreign representative of a voluntary restructuring proceeding (the "UK Proceeding") concerning the Debtor currently pending before the UK Court, acting in such capacity and by and through his undersigned counsel, respectfully submits this application (the "Application") for entry of an order (i) scheduling a hearing on the relief sought in the Verified Petition for Recognition of Foreign Main Proceeding and Motion for Related Relief, ECF No. 2 (together with the Form of Voluntary Petition, ECF No. 1, the "Petition") and (ii) specifying the form and manner of service

of notice thereof.[1]  In support of the Application, the Petitioner respectfully represents as follows:

## BACKGROUND

1.  The Petitioner filed the Petition on November 11, 2015.  Further background information is set forth therein.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157(a) and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  Venue is proper before this Court pursuant to 28 U.S.C. § 1410(3).

## RELIEF REQUESTED

3.  The Petitioner seeks entry of an order, substantially in the form attached hereto as Exhibit A, (i) setting Monday, December 21, 2015 or as soon thereafter as the Court's calendar permits, as the date (the "Recognition Hearing Date") for the hearing (the "Recognition Hearing") on the relief sought in the Petition, (ii) setting 12:00 noon (New York Time) on December 14, 2015 as the deadline by which any responses or objections to the Petition must be received; (iii) approving the form of notice of the Recognition Hearing Date (the "Notice") that is attached hereto as Exhibit B; (iv) approving the manner of service of the Notice described herein; and (v) granting related relief.

## BASIS FOR RELIEF

4.  Rule 2002(q)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides that the parties identified therein (together with certain other parties, all as

---

[1] Any capitalized term not otherwise defined herein shall have the meaning ascribed to such term in the Petition.

2

identified on Exhibit C hereto, the "Chapter 15 Notice Parties") "and such other entities as the court may direct" must be given at least 21 days' notice of the hearing on the petition for recognition of a foreign proceeding. Fed. R. Bankr. P. 2002(q)(1). Bankruptcy Rules 2002(m) and 9007 provide, among other things, that when notice is to be given under the Bankruptcy Rules, the court shall designate the form and manner in which such notice shall be given (provided the Bankruptcy Rules do not otherwise specify the appropriate form and manner of such notice). Fed. R. Bankr. P. 2002(m) and 9007.

5.      Although Bankruptcy Rule 2002(q) provides that the parties identified therein must receive at least 21 days' notice by mail of the hearing on the petition for recognition of a foreign proceeding, it does not specify the form and manner in which such notice must be given. Therefore, pursuant to Bankruptcy Rules 2002(m) and 9007, this Court may specify such form and manner of notice.

6.      In accordance with the Convening Court Order issued on October 29, 2015 by the UK Court, the Scheme Meeting at which Scheme Creditors will vote on the Scheme is to be held on a date to be advised to Scheme Creditors on no less than 20 business days' notice, which date shall be no earlier than 14 December 2015 and no later than 31 January 2016. On November 10, 2015, the notice of Scheme Meeting was provided to Scheme Creditors in accordance with the Convening Court Order, fixing December 14, 2015 as the date for the Scheme Meeting. The Sanction Hearing at which the UK Court will decide whether to approve the Scheme will be scheduled for a date shortly after the Scheme Meeting – and the UK Court has provisionally reserved December 17, 2015. The Petitioner respectfully requests that this Court schedule the Recognition Hearing for Monday, December 21, 2015, or as soon thereafter as the Court's calendar permits.

7.      The Petitioner respectfully submits that service of (i) the Notice and (ii) the Petition (collectively, the "Notice Documents"), by United States mail, first-class postage prepaid, upon the Chapter 15 Notice Parties in accordance with Bankruptcy Rule 2002(k) and (q) and Local Bankruptcy Rules 2002-1, 9006-1(b) and 9013-1(b) on or before November 30, 2015 constitutes adequate and sufficient notice of this chapter 15 case, the relief sought in the Petition, the time fixed for filing objections to the relief sought in the Petition, and the time, date and place of the Recognition Hearing.

8.      Bankruptcy Rule 2002(*l*) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Fed. R. Bankr. P. 2002(*l*). To that end, Petitioner believes that supplementing the notice required by the Bankruptcy Rules by publishing the Notice in The Wall Street Journal (National Edition) on or before November 30, 2015 would further ensure that sufficient notice of the Petition, the time fixed for filing objections to the relief sought in the Petition, and the time, date and place of the Recognition Hearing is provided to persons who might not otherwise receive notice.

9.      Accordingly, the Petitioner respectfully requests that this Court approve the foregoing manner of notice and service of the Notice Documents pursuant to Bankruptcy Rules 2002(*l*), (m) and (q) and 9007.

10.     Bankruptcy Rule 1011(b) provides, among other things, that a party objecting to a petition filed to commence an ancillary proceeding under chapter 15 of the Bankruptcy Code has 21 days from the date of service of the petition to respond to such petition. Fed. R. Bankr. P. 1011(b). In light of this requirement, the Petitioner respectfully submits that setting (i) December 21, 2015 (or as soon thereafter as the Court's calendar permits) as the Recognition Hearing Date and (ii) December 14, 2015 as the Objection Deadline is appropriate.

11. Section 1514(c) of the Bankruptcy Code provides that when notification of the commencement of a case is to be given to foreign creditors, such notification shall, *inter alia*, indicate the time period for filing proofs of claim, specify the place for filing such proofs of claim and indicate whether secured creditors need to file proofs of claim. 11 U.S.C. § 1514(c). It is not clear, however, that section 1514 applies in the context of an ancillary case under chapter 15. As explained in Collier on Bankruptcy, section 1514 is the "last in the series of sections dealing with the international aspects of cases under chapters <u>other than chapter 15</u> that began with section 1511." Collier on Bankruptcy ¶ 1514.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (emphasis added). Given that section 1514(c) does not appear to apply in this chapter 15 case (as the Petitioner has not sought to commence a case under any other chapter of the Bankruptcy Code), the Petitioner respectfully requests that the requirements contained therein be waived in this instance.

### **NOTICE**

12. Notice of this Application has been provided to (i) the Office of the United States Trustee for the Southern District of New York and (ii) the Debtor. The Petitioner submits that no other or further notice need be provided.

### **NO PRIOR REQUEST**

No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the Petitioner respectfully requests that this Court enter an order (i) granting the relief requested herein and (ii) granting the Debtor such other and further relief as the Court deems proper and just.

Dated: New York, New York
November 11, 2015

                        WACHTELL, LIPTON, ROSEN & KATZ

                        By: /s/ Emil A. Kleinhaus

                        Philip Mindlin
                        Emil A. Kleinhaus
                        Neil K. Chatani
                        51 West 52nd St.
                        New York, New York 10019
                        Telephone: (212) 403-1000
                        Facsimile: (212) 403-2000

                        Attorneys for David Jiménez Márquez
                        as Petitioner and Foreign Representative